IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AJAY ENDEAVORS, INC., ANKUSH
BIKKASANI TRUST, AWARE INVEST-
MENTS LTD., RADHA KANURI REVO-
CABLE TRUST, RAMAKRISHNA
KANURI REVOCABLE TRUST, and
TEJ BIKKASANI TRUST,

    *Plaintiffs*,

    v.

DIVVYMED, LLC d/b/a divvyDOSE,
PENZO ENTERPRISES, LLC, and
ARVIND MOVVA

    *Defendants*.

No. 1:20-cv-01556-SB

---

Michael J. Joseph, LAW OFFICE OF JOYCE LLC, Wilmington, Delaware; Raja Devineni, San Francisco, California

*Counsel for Plaintiffs.*

Raymond J. DiCamillo, Christine D. Haynes, RICHARDS, LAYTON & FINGER, PA, Wilmington, Delaware; Ryan Blair, COOLEY LLP, San Diego, California; Christopher Andrews, COOLEY LLP, New York, New York

*Counsel for Defendants.*

---

**MEMORANDUM OPINION**

April 7, 2025

BIBAS, *Circuit Judge*, sitting by designation.

On this motion for costs and attorney's fees, I grant defendants some of the costs that they seek but deny fees. I previously entered summary judgment for defendants on all remaining claims. D.I. 138–39. Plaintiffs did not appeal. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 198 (1988); *Parker v. Pa. Bd. of Prob. & Parole*, 798 F. App'x 701, 702 (3d Cir. 2020). Defendants then moved for costs and attorney's fees under Federal Rule of Civil Procedure 54(d). D.I. 140.

### I. I AWARD SOME COSTS

Costs are easy. Prevailing parties must be paid costs, and defendants prevailed when I entered summary judgment in their favor. D. Del. L.R. 54.1(a)(1), (c); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 163 (3d Cir. 2012). Defendants filed their bill of costs appropriately and without prejudicing plaintiffs. Thus I will consider it and award costs. Defendants ask for $25,282.16 but will get only $22,948.92.

Plaintiffs offer three objections. Their first one is mistaken. Plaintiffs puzzlingly accuse defendants of failing to attest that the bill that they submitted is accurate. D.I. 147 at 4. Plaintiffs refer to Exhibit B in defendants' filing, but there is no such exhibit. D.I. 145-1; D.I. 148 at 2 n.2. Instead, defendants' attorney properly attested to the truth of all costs in Exhibit A. D.I. 145-1. That suffices. *See* 28 U.S.C. §1924.

The second objection also misses. Plaintiffs argue that the first, second, and seventh deposition costs listed do not say which depositions the charges were for. D.I. 147 at 4; D.I. 145-1 at 60. But defendants supplemented their submission with more

2

detailed descriptions, telling me which depositions these costs relate to. D.I. 149 ¶ 4. So I award these costs.

But plaintiffs' third objection lands. I cannot award costs for Items #023036 and #054618, which try to stick plaintiffs with the cost of printing exhibits that defendants' lawyers used at depositions. D.I 145-1 at 61. Local Rule 54.1(b)(5) lets parties recover costs for printing copies of exhibits only when the exhibit is "necessarily attached to a document required to be filed." D. Del. L.R. 54.1(b)(5). Defendants say that only "some of these materials" were introduced as exhibits at depositions; they have not said these documents were necessarily attached to any filings, nor have they separated the taxable costs from "the cost of copies obtained for counsel's own use," which is not taxable. D.I. 148 at 3; D. Del. L.R. 54.1(b)(5); *see also Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 251 (D. Del. 2012). So I cannot award these as costs. Subtracting these unsubstantiated costs, defendants get $22,948.92.

## II. I DENY ALL FEES

Attorney's fees are more complex, and I deny defendants' request. Rule 54(d) lets courts impose attorney's fees when allowed by statute (such as 28 U.S.C. § 1927), rule (such as Fed. R. Civ. P. 11), or another ground (such as the court's inherent power). Defendants move for fees based on the court's inherent power. D.I. 140 at 1; D.I. 144 at 9.

Before a court uses its inherent powers to sanction, it must "consider whether any Rule- or statute-based sanctions are up to the task." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 785 (3d Cir. 2001). Yet I need not walk through

3

the alternatives because I do not award any fees, nor have defendants identified any other appropriate ground for issuing them. *Id.*

Courts have inherent power to assess attorney's fees only "in narrowly defined circumstances." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotation marks omitted). These narrow circumstances include when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons," as defendants argue that plaintiffs did here. *Id.* at 45–46; D.I. 144 at 9 ("The Court should grant Defendants attorneys' fees and nontaxable costs because Plaintiffs repeatedly acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). But that is a high bar because it undoes "the general 'American rule' against fee-shifting." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014). Because this sanction is "poten[t]," it "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

Though plaintiffs' claims were ultimately unsuccessful, they were not made in bad faith. Defendants' theory is essentially that plaintiffs filed this case "in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110 (2017); D.I. 145-1 (listing bills from the beginning of the litigation through summary judgment). But this goes too far. True, I found that plaintiffs lacked good faith in their contract negotiations. D.I. 138 at 12. Yet plaintiffs had a credible basis for filing this suit. The record showed that Dr. Kanuri and Dr. Bikkasani were deeply confused and did not take their obligations as investors seriously, but their confusion could have given them a good-faith basis to think that their contract negotiations had been tainted. Plus, none of

4

plaintiffs' actions after filing "abuse[d] the judicial process." *Goodyear*, 581 U.S. at 107 (internal quotation marks omitted). Nor will I sanction plaintiffs for their untimely filings or decision to concede their mutual-mistake claim in an answering brief. I explicitly excused one late filing, and plaintiffs appropriately conceded their losing mutual-mistake claim without wasting the Court's time and resources by protesting. D.I. 112 (excusing one delay); D.I. 128 at 24 (conceding that claim).

So I find no bad faith by plaintiffs. None of their litigation tactics came close to fraud on the court, nor was "the very temple of justice … defiled." *Chambers*, 501 U.S. at 46 (internal quotation marks omitted). Their conduct falls far short of "egregious." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 97 n.3 (3d Cir. 2008) (internal quotation marks omitted). So though I partly grant costs, I do not grant attorney's fees.